IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN CARANCHINI,  No C-09-0140 VRW (PR)

    Plaintiff,

    v  ORDER OF DISMISSAL WITH LEAVE TO AMEND

DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,

    Defendant(s).

_____/

I

At the direction of the court, plaintiff, a prisoner currently incarcerated at Corcoran State Prison, filed a first amended complaint under 42 USC § 1983 alleging that officials at Pelican Bay State Prison ("PBSP") were deliberately indifferent to his serious medical needs while he was incarcerated at that facility. Doc #6; Doc #9. The court directed plaintiff to file an amended complaint because the original complaint, totaling close to 350 pages, included several lists identifying defendants by name, but failed to show how the defendants proximately caused the

deprivation of his federally-protected rights.  See Doc #1 at 9, 12, 14, 16 & 18.  Plaintiff's amended complaint alleges three causes of action against twenty-five defendants.  Doc #9.  The amended complaint, along with the attachments, total over 400 pages.  Id.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v Atkins</u>, 487 US 42, 48 (1988).

## III

Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that

2

1  fails to state the specific acts of the defendant that violated the
2  plaintiff's rights fails to meet the notice requirements of Rule
3  8(a).  <u>Hutchinson v United States</u>, 677 F2d 1322, 1328 n5 (9th Cir
4  1982).  Rule 8(d) requires each allegation to be "simple, concise,
5  and direct."  Failure to comply with the requirements set forth in
6  Rule 8 may be the basis for dismissal.  <u>McHenry v Renne</u>, 84 F3d
7  1172, 1179 (9th Cir 1996) (affirming dismissal of complaint that was
8  "argumentative, prolix, replete with redundancy, and largely
9  irrelevant").

10      Like plaintiff's original complaint (Doc #1) his first
11 amended complaint (Doc #9) has several deficiencies that make it
12 necessary for plaintiff to file a second amended complaint that is
13 shorter and more focused.  Although the court recognizes that pro se
14 pleadings must be construed liberally, it does not have the
15 resources to read through voluminous pleadings and exhibits to make
16 plaintiff's case for him.

18                                  IV
19      Good cause appearing, the first amended complaint is
20 **DISMISSED WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT** containing
21 all related claims against all defendants that plaintiff wishes to
22 proceed against in this action.  The pleading must be simple,
23 concise and direct and must state clearly and succinctly how each
24 and every defendant is alleged to have violated plaintiff's
25 federally-protected rights.  The pleading must include the caption
26 and civil case number used in this order and the words SECOND

3

AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within thirty (30) days of this order will result in the dismissal of this action.

Plaintiff is advised that the second amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the second amended complaint will not be considered by the court.  See King v Atiyeh, 814 F2d 565, 567 (9th Cir 1987).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.09\Caranchini-09-140-dwlta-2.wpd

**4**